IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:18-CV-145-FL

| | |
|---|---|
| MARIANNE DYKSTRA, GLEN DYKSTRA, and NEUSE BREEZE, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) ORDER |
| JACK M. TEMPLE, SALLY L. TEMPLE, a/k/a SALLIE TEMPLE, CALVIN WILLIAMS, MIKI WILLIAMS, a/k/a MIKI KNUTSON WILLIAMS, JOHN DOES 1–10, and JANE DOES 1–10, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the court on plaintiffs' motion for preliminary injunction (DE 7), and defendants' purported motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and motion for more definite statement under Rule 12(e), imbedded in answer. (DE 51). Also before the court is plaintiffs' request for entry of default (DE 52). For the reasons that follow, plaintiffs' motion for entry of default is denied, defendants' purported motions are denied, and the parties are directed to provide further briefing regarding the motion for preliminary injunction, which motion is set for hearing February 8, 2019, at 1:30 p.m. at New Bern.

# STATEMENT OF THE CASE

Plaintiffs initiated this action through verified complaint filed August 17, 2018, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.; 42 U.S.C. § 1985; and numerous causes of action under state law, including the North Carolina RICO Act, N.C. Gen. Stat. § 75D-1 et seq., the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, and various state torts. Plaintiffs seek damages as well as an injunction forbidding defendant from engaging in certain disruptive activities near their event venue.

On August 17, 2018, plaintiffs filed motion for preliminary injunction (DE 7). They seek to place restrictions on defendants' activities around plaintiffs' property. Plaintiffs rely upon Facebook comment and response ("Facebook Comment" (DE 8-1)), as well as affidavits from Marianne Dykstra ("Dykstra Affidavit" (DE 8-2)), Callie Attum ("Attum Affidavit" (DE 8-3)), Brittany Hartsell ("Hartsell Affidavit" (DE 8-4)), and April Pokora ("Pokora Affidavit" (DE 8-5)), which explain in further detail various activities in which defendants engaged around the property.

Since the filing of the complaint and motion for preliminary injunction, the court has granted four motions for extension of time for defendants to file their responses. In its last order dated November 1, 2018, the court denied plaintiff's first motion for default while also granting an extension for defendants to respond to the complaint and motion for preliminary injunction. The court held that no further extensions of time to defend or answer would be granted.

In answer filed November 7, 2018, defendants raise affirmative defenses such as Younger abstention, and apparently seek to advance motions to dismiss under 12(b)(1) and 12(b)(6), together with an alternative motion for more definite statement under rule 12(e). No supporting memorandum of law accompanied this filing, despite implicit acknowledgment of the import of this

on the answer's face: reading "[i]n FURTHER support of Defendants' Motion, a Memorandum in Support of this Motion to Dismiss will be submitted to the Court within the next ten days..." (DE 51, p. 11).

Plaintiffs filed the instant request for entry of default on November 7, 2018, the same day that answer was made. Response and reply have been received. On December 10, 2018, the case manager's entry reflecting submission of motions in answer together with plaintiffs' request for entry of default engendered further, unsolicited briefing by the parties.

Defendants predicated their failure to file any supporting memorandum of law on the weakness of plaintiffs' case, writing that "because the frivolous claims that are alleged [by plaintiffs] are wholly unsupported by any allegations other than overly broad and vague conclusory statements... [a]n extensive memorandum on Plaintiffs' failure to state a cognizable legal claim would be superfluous." (DE 59, p. 1).

## STATEMENT OF THE FACTS

The facts alleged in the complaint can be summarized as follows. Plaintiffs operate a wedding venue on the Neuse River in Craven County. (Compl. ¶¶ 1, 18). Defendants Jack and Sally Temple claim an interest in property adjacent to the Neuse Breeze facility owned by plaintiffs. (Id. ¶ 2). Defendants Calvin and Miki Williams are alleged to be associates of defendants Jack and Sally Temple. (Id.). Access to plaintiff's waterfront property requires traveling along an easement granted by defendant Jack Temple. (Id. ¶ 18). The venue holds an estimated 30 weddings annually. (Id. ¶¶ 19, 20).

Plaintiffs allege that defendants have engaged in a variety of acts intended to disrupt their event business, including appearing along property lines with loaded firearms, pointing firearms at attendees, and discharging firearms; threatening employees; preventing ingress and egress along a

3

driveway easement; directing threats to plaintiffs and their clients; engaging in direct extortion of plaintiffs; using loudspeakers and yard/farm machinery to create noise disruptive to the venue; prominent display of offensive materials; stalking plaintiffs and their guests; and numerous other offenses. (Id. ¶ 24). Plaintiffs allege defendants are known as "[t]he Temple/Williams Gang," ("Gang"), that the Gang is an enterprise under RICO, and that defendants' actions violate the right of individuals at the venue to marry. (Id. ¶¶ 23, 28, 43–44).

## COURT'S DISCUSSION

A. Plaintiffs' Request for Entry of Default

Entry of default is appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Here, defendants have asserted potential defenses. Consequently, the court denies plaintiffs' request for entry of default.

B. Defendants' "Motions to Dismiss" and "Motion for More Definite Statement"

Defendants seek to assert motions to dismiss and motion for more definite statement, referred to in their answer. Plaintiffs argue that such motions are not properly before this court because they fail to comply with the Local Civil Rules. Plaintiffs are correct.

"[A]ll motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum in the manner prescribed by Local Civil Rule 7.2(a)." Local R. Civ. P. 7.1(e); see also Fed. R. Civ. P. 7(b)(1)(B) (requiring that a motion must "state with particularity the grounds for seeking the order"). Moreover, "[a]ll pleadings, motions, discovery procedures, memoranda, and other papers filed with the clerk of court shall: . . . state the title of the pleading, motion, discovery procedure or document and the federal statute or rule number under which the party is proceeding . . . ." Local R. Civ. P. 10.1; see also Fed. R. Civ. P. 10(b)(2) ("The rules

governing captions and other matters of form in pleadings apply to motions and other papers.").

Defendants' purported motions all fail to conform to the requirements of motion practice in this district. At the least, defendants have failed to file a memorandum in support of any motion required by the Local Civil Rules, notwithstanding their statement in answer that supporting memorandum would be filed by November 17, 2018; and, later, their bald assertion that plaintiffs' allegations are so faulty as to render unnecessary their adherence to the Local Civil Rules.

Defendants, beneficiaries of multiple time extensions, made a statement that within ten days of filing their answer, they would file a memorandum of law in support of their request for dismissal of the case. The court's admonishment that no further extensions to answer or defend was a matter then of record. Defendants' offering of a late filed supporting memorandum, for which no leave was sought, falls flat in the face of that admonishment. Defendants' sentiments, expressed later, that there is no necessity for them to file any memorandum in light of the weakness of plaintiffs' case is akin to a statement that the Local Civil Rules do not matter, too.[1]

Where defendants have attempted to circumvent this court's generous deadline for filing, and blatantly disregarded the motions practice rules in this district, to the extent any motion is before this court raised in answer, said motion is DENIED.

C.  Plaintiffs' Motion for Preliminary Injunction

Plaintiffs seek a preliminary injunction limiting defendants' activities around their property. "A plaintiff seeking a preliminary injunction must establish that [1] he is likely to succeed on the

---

[1] This absurd statement that a memorandum of law would be "superfluous" was followed by threat to seek Rule 11 sanctions at the end of the case, if plaintiffs' counsel does not now dismiss the complaint. (DE 59, p. 2).

merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). It is "unnecessary to address all four factors when one or more ha[s] not been satisfied." Henderson for Nat'l Labor Relations Bd. v. Bluefield Hosp. Co., LLC, 902 F.3d 432, 438–39 (4th Cir. 2018) (citing Winter, 555 U.S. at 20, 23–24).

Here, crediting the facts alleged in plaintiffs' affidavits and verified complaint, plaintiffs can show intentional wrongdoing on the part of defendants, and thus the balance of equities tips in favor of issuing a preliminary injunction. Moreover, protection of property rights is in the public interest, also counseling in favor of a preliminary injunction. Finally, the harm plaintiffs seek to remedy, prospective damage to their wedding business, including possible injury to themselves or their guests, likely is irreparable because plaintiffs would likely be unable to calculate damages for those prospective injuries.

But the issue looming large is whether plaintiffs are likely to succeed on the merits of this lawsuit. On the record before it, the court has identified several issues that require further briefing. Plaintiffs assert federal causes of action as well as numerous state law causes of action. Plaintiffs must show that they are likely to succeed on at least one of these causes of action.

Plaintiffs must explain why the federal claims in this case are viable, or, alternatively, why exercise of supplemental jurisdiction would be appropriate in this case. Plaintiffs shall have until January 18, 2019, to file a memorandum addressing these issues. Defendants shall have until February 1, 2019, to file any response in opposition.

Defendants also must explain why they believe this court should abstain from hearing this case. General allegations of state court proceedings are not sufficient to justify abstention in this matter. Defendants shall have until January 18, 2019, to file a memorandum addressing this issue.

Plaintiffs shall have until February 1, 2019, to file any response in opposition. All memoranda shall be compliant with the court's Local Civil Rules. Any deficient filing will be disregarded. No replies are allowed. Hearing will follow on February 8, 2019.

## CONCLUSION

Based on the foregoing, plaintiffs' motion for entry of default (DE 52) is DENIED and defendants' motions lodged in answer (DE 51) are DENIED. The parties are DIRECTED to file memoranda as set forth herein. Hearing on plaintiffs' motion seeking injunctive relief will be held February 8, 2019, at 1:30 p.m. at New Bern.

SO ORDERED, this the 3rd day of January, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge